TERENCE COSGROVE, Respondent, *v.* INTERNATIONAL ELEVATING COMPANY, Appellant.

First Department, April 4, 1924.

**Ships and shipping — employee of contractor or stevedore engaged in loading ship injured by beam which fell from pile adjacent to hatchway — there was nothing about pile of beams to suggest insecurity — contractor is not liable.**

A contractor or stevedore who had undertaken the loading of grain into the hold of a vessel is not liable for injury to an employee caused by the falling of a beam from a pile of beams placed adjacent to the hatchway through which the grain was being loaded, where it appears that the contractor or stevedore had no management or control of the vessel and no part in the placing of the beams, and that there is no testimony that said beams were so piled or placed as to suggest the appearance of insecurity.

APPEAL by the defendant, International Elevating Company, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of New York on the 18th day of June, 1923, upon the verdict of a jury for $2,000, and also from an order entered in said clerk's office on the 11th day of July, 1923, denying the defendant's motion for a new trial made upon the minutes.

*A. G. Maul* [*John McKim Minton, Jr.,* of counsel], for the appellant.

*Albert & Albert* [*Samuel J. Albert* of counsel], for the respondent.

FINCH, J.:

This action was brought to recover damages for personal injuries. The theory of the action is that plaintiff was not furnished a safe place in which to work. Plaintiff was employed by the appellant to assist in loading grain into the hold of a steamer. While so employed the plaintiff's foot was injured by a beam falling and breaking two toes. This beam fell from a pile of planks adjacent to the hatchway through which the grain was being loaded. The appellant was a contractor who had undertaken the loading of the grain, but had no management or control of the steamer, and no part in the placing of the beams. The rule applicable is clear. It is stated in *Liverani* v. *Clark & Son* (231 N. Y. 178) as follows: " Under such circumstances what was the duty which the law placed upon the stevedore with relation to the use of the ship and its parts? *In the absence of any condition to excite suspicion or to suggest defects or danger,* the stevedore might assume the safety of the appliances and that due care had been used by the shipowner to keep and maintain them in reasonably safe condition." (Italics not in original.)

The only question in the case, therefore, in so far as liability of the appellant is concerned, is whether there was anything in the pile of planks reasonably to suggest a dangerous condition.

It appears that the planks were piled upon a cog-wheel and other parts of machinery. A short shaft through the center of this cog-wheel prevented it from lying flat, and caused instability. There is no evidence, however, that this condition was visible to ordinary inspection. No one observed it until after the accident. The defendant's foreman testified that possibly the wheel could have been seen from above if an attempt had been made to climb upon the pile for that purpose, but not from the ordinary angle of vision. There is no testimony anywhere that the beams were so piled or placed as to suggest the appearance of insecurity. The beam which fell weighed a ton and a half, and no negligence can be predicated upon a failure to attempt to move a pile of such beams to ascertain if they were secure in the absence of anything to excite suspicion that they were insecure. The said beams were in plain view of the gang of men with whom the plaintiff was working, yet no one was produced to testify that its appearance prior to the accident was such as to excite suspicion. Such testimony as was adduced related to a period after the beam had fallen, dis-

closing the presence of the machinery, which previously this beam with others had covered.

It follows that the judgment and order should be reversed and a new trial granted, with costs to appellant to abide the event.

Dowling, Smith, Merrell and Martin, JJ., concur.

Judgment. and order reversed and new trial ordered, with costs to appellant to abide the event.